1  M. ELIZABETH DAY (SBN 177125)
   eday@feinday.com
2  DAVID ALBERTI (SBN 220265)
   dalberti@feinday.com
3  SAL LIM (SBN 211836)
   slim@feinday.com
4  MARC BELLOLI (SBN 244290)
   mbelloli@feinday.com
5  **FEINBERG DAY ALBERTI LIM &**
   **BELLOLI LLP**
6  1600 El Camino Real, Suite 280
   Menlo Park, CA 94025
7  Tel: 650.618.4360
   Fax: 650.618.4368
8
   Attorneys for Sovereign Peak Ventures,
9  LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SOVEREIGN PEAK VENTURES, LLC, | CASE NO. 2:18-cv-10069 |
|---|---|
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| FEIT ELECTRIC COMPANY, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Sovereign Peak Ventures, LLC ("SPV"), by and through the undersigned counsel, hereby files this Complaint and makes the following allegations of patent infringement relating to U.S. Patent Nos. 6,577,073, 7,204,607 and 7,235,817 against Defendant Feit Electric Company, Inc. ("Feit"), and alleges as follows upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This is an action for patent infringement. SPV alleges that Feit infringes U.S. Patent Nos. 6,577,073 (the "'073 patent"), 7,204,607 (the "'607 patent"), and 7,235,817 (the "'817 patent"), copies of which are attached hereto as Exhibits A-C (collectively, "the Asserted Patents").

2. SPV alleges that Feit directly infringes the Asserted Patents by making, using, offering for sale, selling, and/or importing LED bulbs. SPV seeks damages and other relief for Feit's infringement of the Asserted Patents.

## THE PARTIES

3. Plaintiff SPV is a Texas limited liability company with its principal place of business in Plano, Texas.

4. Upon information and belief, Feit is a California corporation with a place of business in Pico Rivera, California.

## JURISDICTION AND VENUE

5. This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. This Court has both general and specific jurisdiction over Feit because Feit has committed acts within the Central District of California giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Feit would not offend traditional notions of fair play and

substantial justice. Defendant Feit, directly and through subsidiaries, intermediaries (including distributors, retailers, franchisees and others), has committed and continues to commit acts of patent infringement in this District, by, among other things, making, using, testing, offering for sale, selling and importing products that infringe the Asserted Patents.

7. Venue is proper in this district and division under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Feit has committed acts of infringement in the Central District of California and has at least one regular and established place of business in the Central District of California.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,577,073**

8. The allegations of paragraphs 1-7 of this Complaint are incorporated by reference as though fully set forth herein.

9. SPV owns by assignment the entire right, title, and interest in the '073 patent.

10. The '073 patent was issued by the United States Patent and Trademark Office on June 10, 2003 and is titled "LED Lamp." A true and correct copy of the '073 patent is attached as Exhibit A.

11. Upon information and belief, Feit has directly infringed at least claim 1 of the '073 patent by making, using, testing, selling, offering for sale and/or importing in the United States without authority devices such as the Feit Smart Wifi Bulb Color Changing & Tunable White Bulbs (collectively "the Accused Infringing Devices") in an exemplary manner as described below.

12. The Accused Infringing Devices are LED lamps.



13.     The Accused Infringing Devices have a blue LED for producing an emission wavelength falling within a blue wavelength range.  Exemplary blue LEDs, which are covered in a yellow phosphor, can been seen in the picture of an Accused Infringing Device below.



> Phosphor-converted white light: Another approach to generating white light is by use of phosphors together with a short-wavelength LED. For example, when one phosphor material used in LEDs is illuminated by blue light, it emits yellow light having a fairly broad spectral power distribution. By incorporating the phosphor in the body of a blue LED with a peak wavelength around 450 to 470 nanometers, some of the blue light will be converted to yellow light by the phosphor. The remaining blue light, when mixed with the yellow light, results in white light. New phosphors are being developed to improve color rendering as shown in Figure 5.
>
> https://www.lrc.rpi.edu/programs/nlpip/lightinganswers/led/whiteLight.asp

14. The Accused Infringing Devices have a red LED for producing an emission at a wavelength falling within a red wavelength range.





15. The Accused Infringing Devices have a phosphor that has been photoexcited by the blue LED to exhibit a luminescence having an emission spectrum in an intermediate wavelength range between the blue and red wavelength ranges.

> Phosphor-converted white light: Another approach to generating white light is by use of phosphors together with a short-wavelength LED. For example, when one phosphor material used in LEDs is illuminated by blue light, it emits yellow light having a fairly broad spectral power distribution. By incorporating the phosphor in the body of a blue LED with a peak wavelength around 450 to 470 nanometers, some of the blue light will be converted to yellow light by the phosphor. The remaining blue light, when mixed with the yellow light, results in white light. New phosphors are being developed to improve color rendering as shown in Figure 5.
>
> https://www.lrc.rpi.edu/programs/nlpip/lightinganswers/led/whiteLight.asp

4

COMPLAINT – CASE NO. 2:18-CV-10069

16.     Feit has infringed, and continues to infringe, at least claim 1 of the '073 patent in the United States, by making, using, offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

17.     Upon information and belief, Feit may have infringed and continues to infringe the '073 patent through other devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

18.     Feit's acts of direct infringement have caused and continue to cause damage to SPV and SPV is entitled to recover damages sustained as a result of Feit's wrongful acts in an amount subject to proof at trial.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,204,607

19.     The allegations of paragraphs 1-7 of this Complaint are incorporated by reference as though fully set forth herein.

20.     SPV owns by assignment the entire right, title, and interest in the '607 patent.

21.     The '607 patent was issued by the United States Patent and Trademark Office on April 17, 2007 and is titled "LED Lamp."  A true and correct copy of the '607 patent is attached as Exhibit B.

22.     Upon information and belief, Feit has directly infringed at least claim 9 of the '607 patent by making, using, testing, selling, offering for sale and/or importing in the United States without authority devices such as Feit Smart Wifi Bulb Color Changing & Tunable White Bulbs (collectively "the Accused Infringing Devices") in an exemplary manner as described below.

23.     The Accused Infringing Devices are light emitting diodes (LEDs).



24. The Accused Infringing Devices contain a substrate, a cluster of LEDs, which are arranged two-dimensionally on the substrate and an interconnection circuit which is electrically connected to the LEDs.

 

25. The Accused Infringing Devices contain LEDs where a first group of LEDs, which are located around the outer periphery of the cluster, and a second

group of LEDs, which are located elsewhere in the cluster (e.g., toward the center).

 

26. The Accused Infringing Devices contain an interconnection circuit wherein the interconnection circuit has an interconnection structure for separately supplying drive currents to at least one of the LEDs in the first group and to at least one of the LEDs in the second group separately from each other. One or more of the LEDs in the outer periphery can be operated independently of one or more LEDs located toward the center.

 

27. The emission of the LEDs from the first group in the Accused

7

Infringing Devices has a lower color temperature than that of the LEDs in the second group.




28. Feit has infringed, and continues to infringe, at least claim 9 of the '607 patent in the United States, by making, using, offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

29. Upon information and belief, Feit may have infringed and continues to infringe the '607 patent through other devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

30. Feit's acts of direct infringement have caused and continue to cause damage to SPV and SPV is entitled to recover damages sustained as a result of Feit's wrongful acts in an amount subject to proof at trial.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,235,817**

31. The allegations of paragraphs 1-7 of this Complaint are incorporated by reference as though fully set forth herein.

32. SPV owns by assignment the entire right, title, and interest in the '817 patent.

33. The '817 patent was issued by the United States Patent and Trademark Office on June 26, 2007 and is titled "LED Lamp." A true and correct copy of the '817 patent is attached as Exhibit C.

34. Upon information and belief, Feit has directly infringed at least claim 1 of the '817 patent by making, using, testing, selling, offering for sale and/or importing in the United States without authority devices such as Feit Smart Wifi Bulb Color Changing & Tunable White Bulbs (collectively "the Accused Infringing Devices") in an exemplary manner as described below.

35. The Accused Infringing Devices are LED lamps.



36. The Accused Infringing Devices contain a substrate, a cluster of LED chips, which are arranged two-dimensionally on the substrate and a plurality of phosphor resin portions that cover the respective LED chips.



37. Each phosphor resin portion in the Accused Infringing Devices includes a phosphor for transforming the emission of its associated LED chips into a light ray having a longer wavelength than that of the emission.

> Phosphor-converted white light: Another approach to generating white light is by use of phosphors together with a short-wavelength LED. For example, when one phosphor material used in LEDs is illuminated by blue light, it emits yellow light having a fairly broad spectral power distribution. By incorporating the phosphor in the body of a blue LED with a peak wavelength around 450 to 470 nanometers, some of the blue light will be converted to yellow light by the phosphor. The remaining blue light, when mixed with the yellow light, results in white light. New phosphors are being developed to improve color rendering as shown in Figure 5.
>
> https://www.lrc.rpi.edu/programs/nlpip/lightinganswers/led/whiteLight.asp

38. In the Accused Infringing Devices, the size of the phosphor resin portions which cover the LED chips located in an outer region of the cluster is set bigger than that of the other phosphor resin portions which cover the LED chips located in the remaining non-outer region.



39. Feit has infringed, and continues to infringe, at least claim 1 of the '817 patent in the United States, by making, using, offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

40. Upon information and belief, Feit may have infringed and continues to infringe the '817 patent through other devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

41. Feit's acts of direct infringement have caused and continue to cause damage to SPV and SPV is entitled to recover damages sustained as a result of Feit's wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, SPV respectfully prays that the Court enter judgment in their favor and against Feit as follows:

    a. A judgment that Feit has infringed one or more claims of the '073 Patent literally and/or under the doctrine of equivalents;

    b. A judgment that Feit has infringed one or more claims of the

11

'607 Patent literally and/or under the doctrine of equivalents;

    c.    A judgment that Feit has infringed one or more claims of the '817 Patent literally and/or under the doctrine of equivalents;

    d.    That for each Asserted Patent this Court judges infringed by Feit this Court award SPV its damages pursuant to 35 U.S.C. § 284 and any royalties determined to be appropriate;

    e.    That this be determined to be an exceptional case under 35 U.S.C. § 285 and that SPV be awarded enhanced damages up to treble damages for willful infringement as provided by 35 U.S.C. § 284;

    f.    That this Court award SPV prejudgment and post-judgment interest on its damages;

    g.    That SPV be granted its reasonable attorneys' fees in this action;

    h.    That this Court award SPV its costs; and

    i.    That this Court award SPV such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

SPV hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: December 3, 2018    FEINBERG DAY ALBERTI LIM & BELLOLI LLP

By: */s/ Marc Belloli*
    Marc Belloli

Attorneys for Plaintiff
Sovereign Peak Ventures, LLC